IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SENTINEL INSURANCE COMPANY, LTD., | ) ) ) |
| Plaintiff, | ) ) ) Case No. 14 CV 4212 |
| v. | ) ) Judge Robert M. Dow, Jr. |
| YORKTOWN INDUSTRIES, INC., | ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sentinel Insurance Company brings this diversity suit seeking a declaration of its obligations to defend and indemnify Defendant Yorktown Industries against a lawsuit currently pending in California. Before the Court is Plaintiff's motion to strike Count II of Defendant's Second Amended Counterclaim [21], pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court grants the motion and dismisses Count II to the extent that Defendant requests declaratory relief regarding Plaintiff's duty to indemnify Defendant for damages that Defendant may incur in the California lawsuit.

**I.**    **Background[1]**

This action is an insurance coverage dispute. Plaintiff Sentinel Insurance Company is a Connecticut company that issued an insurance policy to Defendant, which was effective from August 1, 2012 to August 1, 2014. [19], Sec. Am. Counterclaim ("SAC") ¶¶ 2, 5. Defendant Yorktown Industries is an Illinois corporation that sells and distributes office supplies. *Id.* at ¶ 1.

On November 7, 2013, a business called Imaging Technologies Direct, LLC ("ITD")

---

[1] For purposes of deciding the pending motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in Defendant's second amended counterclaim. See *United Transp. Union v. Gateway Western Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996).

filed suit against Defendant in the Superior Court of California (the "California Action"). [19], SAC ¶ 8. ITD alleges that Defendant violated the Uniform Trade Secrets Act, intentionally inferred with contractual relations and prospective business advantage, and engaged in unfair competition and civil conspiracy. *Id.* The California Action remains pending. *Id.* at ¶ 9.

After the California Action was filed, Defendant requested insurance coverage from Plaintiff. [19], SAC ¶ 10. Following several exchanges, Plaintiff informed Defendant that it was denying coverage. See *id.* at ¶¶ 11–13. Thereafter, on June 6, 2014, Plaintiff filed a declaratory judgment complaint in this Court and requested that the Court declare that it owes no insurance coverage to Defendant in connection with the California Action. See [5], Am. Compl. ¶ 1. Defendant filed a three-count Second Amended Counterclaim ("SAC") [19] in December of 2014. In Counts I and II, Defendant seeks declarations stating that Plaintiff has a duty to defend against the California Action. [19], SAC ¶¶ 17–23. Count II is premised on alleged umbrella coverage in Defendant's insurance policy pursuant to which Plaintiff allegedly must pay "'damages' which the insured becomes legally obligated to pay in excess of the 'underlying insurance' or of the 'self-insured retention' when no 'underlying insurance' applies[.]" *Id.* at ¶ 21. In Count III, Defendant alleges that Plaintiff breached its contractual obligations to defend it in the California Action by denying Plaintiff insurance coverage. *Id.* at ¶ 28.

## II.   Legal Standard

In its motion, Plaintiff argues that Count II of the SAC should be dismissed or stricken because the claim for declaratory relief is not yet ripe for adjudication. Ripeness is a justiciability doctrine "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807–08 (2003) (quoting *Reno v. Catholic Social Servs., Inc.*, 509 U.S. 43,

57, n. 18 (1993)). Ripeness concerns "the fitness of the issues for judicial decision" and "the hardship to the parties of withholding court consideration." *Id.* at 808. Although Plaintiff has brought its motion under Federal Rule of Civil Procedure 12(b)(6), it is better considered under Rule 12(b)(1)—which allows for dismissal when a court lacks subject matter jurisdiction—as Plaintiff's motion essentially is premised on whether there is an actual controversy before the Court, given that Defendant's liability in the California Action has not yet been established. See *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 544 (7th Cir. 2008) ("[R]ipeness when it implicates the possibility of this Court issuing an advisory opinion, is a question of subject matter jurisdiction under the case-or-controversy requirement.") (internal quotation marks omitted); see also *Union Tank Car Co. v. Aerojet-General Corp.*, 2005 WL 2405802, at *2 (N.D. Ill. Sept. 27, 2005) (construing 12(b)(6) motion to dismiss declaratory relief claim regarding duty to indemnify as one brought under 12(b)(1) because it involved the ripeness of the claim); but see *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 538 (7th Cir. 2006) (evaluating whether the amount in controversy requirement of 28 U.S.C. § 1332 was met in diversity suit, and observing that "ripeness is peculiarly a question of timing" rather than a limit on subject matter jurisdiction) (internal quotation marks omitted).[2]

Defendant brings its counterclaims under the Declaratory Judgment Act, [19], SAC ¶ 15, which permits a federal court to "declare the rights and other legal relations of any interested party seeking declaration" where there is "a case of actual controversy within its jurisdiction," 28 U.S.C. § 2201(a). In this context, courts ask whether "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal

---

[2] The Court notes that whether it analyzes Plaintiff's motion to dismiss as one brought under Rule 12(b)(6) or 12(b)(1), the Court's disposition is the same. In addition, under Rule 12(b)(6), as under Rule 12(b)(1), the Court assumes as true all well-pleaded allegations set forth in Defendant's counterclaim and draws all reasonable inferences from the allegations in its favor. See *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Under Rule 12(b)(1), the Court accepts the well-pleaded allegations as true and draws reasonable inferences in the non-movant's favor. See *United Transp. Union*, 78 F.3d at 1210. The court also may consider materials outside of the complaint. *Id.*

### III. Discussion

Plaintiff argues that Count II of the SAC should be dismissed because it is not ripe. More specifically, Plaintiff contends that "[Defendant] prematurely seeks a *declaration of indemnity* before the underlying ligation has resulted in a judgment against it." [21], Mot. at 1 (emphasis added). Plaintiff mischaracterizes the requested relief that is set forth in Count II. That count only states that Defendant requests "[a] declaration finding that Sentinel owes a *duty to defend* Yorktown for the claim against it in the [California Action]" and that "[t]he Umbrella Policy provides coverage [ ] for the [Action]." [19], SAC at 17 (emphasis added). Nonetheless, Defendant appears to agree with Plaintiff's reading of its counterclaim and affirms in its response brief that it indeed "seeks a declaration that Sentinel owes a duty to indemnify Yorktown for the claims in the [California Action]" in Count II. [23], Resp. at 1. The Court accordingly construes Count II of the SAC as requesting declaratory relief with respect to Plaintiff's obligation to defend *and* indemnify Defendant in the California Action.

When evaluating ripeness in the context of an insurance coverage dispute, it is important to distinguish between an alleged duty to defend and an alleged duty to indemnify the insured. "A duty to defend requires the obligor to cover the costs of litigation once an action is filed, and regardless of the obligee's ultimate liability, while a promise to indemnify takes effect only after liability has been determined, and may or may not cover the costs of litigation." *C & K*

4

*NuCo, LLC v. Expedited Freightways, LLC*, 2014 WL 4913446, at *7 (N.D. Ill. Sept. 30, 2014). The duty to defend an insured thus "extends to many suits in which there will be no duty to indemnify, [as] defense depends on what the plaintiff alleges [in the underlying litigation], while indemnity is limited to what the plaintiff proves[.]" *Meridian Sec. Ins. Co.*, 441 F.3d at 539.

With respect to ripeness, "the general rule is that an actual controversy exists where an insured alleges that its insurer has a duty to defend him against potential liability in an underlying action." *Molex Inc. v. Wyler*, 334 F. Supp. 2d 1083, 1086 (N.D. Ill. 2004) (citing *Sears, Roebuck & Co. v. Zurich Ins. Co.*, 422 F.2d 587, 589 (7th Cir. 1970)). Claims regarding the duty to defend are ripe during the pendency of the underlying litigation. *Id.* However, "a dispute about an insurer's duty to *indemnify* generally is not ripe for decision until the insured has been called on to pay—for until then the precise ground of liability, and thus the relation of the insured's liability to the policy's coverage and exclusions, is uncertain." *Meridian Sec. Ins. Co.*, 441 F.3d at 538 (emphasis added). This is a general rule, not an absolute one, however. *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 680 (7th Cir. 1992). In *Bankers Trust*, the Seventh Circuit explained that whether a probabilistic injury is sufficiently likely for purposes of Article III is a "matter[] of degree" and relevant to "the district judge's exercise of his equitable discretion to grant or withhold declaratory relief[.]" *Id.* at 681. The following factors are relevant in determining whether an indemnity issue is ripe before the insured's underlying liability has been established: "the likelihood that the insured would be liable in the underlying litigation; the high amount of damages for which the insured was likely to be liable; the insured's inability to pay those damages if found liable; [and] the likelihood that no other insurance policy would cover the damages." *Molex Inc.*, 334 F. Supp. 2d at 1087 (citing *Bankers*

5

*Trust Co.*, 959 F.2d at 681–82)).

With these principles in mind, the Court turns to Plaintiff's motion to dismiss Count II of the SAC. Plaintiff moves to dismiss the portion of this count that requests declaratory relief regarding its duty to indemnify Defendant in the California Action. Defendant responds by arguing in conclusory fashion that it should be entitled to seek a declaration on this issue because Defendant is pursuing a contrary claim. See [23], Resp. at 2. By this, Defendant presumably refers to Plaintiff's amended complaint, which seeks declaratory relief with respect to Plaintiff's obligations to defend and indemnify Defendant. The appropriateness or ripeness of Plaintiff's claims is not before the Court, however. Notably, Defendant also did not address Plaintiff's argument that it, as the insurer, may request a declaration stating that is *not* obligated to indemnify Defendant—while still seeking to dismiss Defendant's claim that it must be indemnified—because the duty to indemnify is narrower than the duty to defend. See [21], Mot. at 2, n.1; see also *Meridian Sec. Ins. Co.*, 441 F.3d at 539 ("[A] declaratory judgment that the insurer need not defend means that it need not indemnify either, whether or not the plaintiff makes good on his contentions.").

Most importantly, Defendant does not directly address the ripeness of its indemnity claim or attempt to explain why this case might involve special circumstances warranting departure from the general rule that indemnification claims are not ripe until the insured's underlying liability has been established. Nor is any such reason apparent from the face of the SAC. Accordingly, to the extent that it seeks declaratory relief concerning Plaintiff's duty to indemnify Defendant for its unknown liability in the California Action, the Court concludes that Count II should be dismissed. See*, e.g.*, *C & K NuCo, LLC*, 2014 WL 4913446, at *10 (dismissing indemnification claim because "it makes sense to delay resolution" until underlying liability is

determined, even though plaintiff was incurring expenses defending underlying litigation); *Union Tank Car Co.*, 2005 WL 2405802, at *3 (dismissing insured's claim for declaratory relief regarding defendant's duty to indemnify it in personal injury actions because no special circumstances required departure from general rule requiring dismissal); *Molex Inc.*, 334 F. Supp. 2d at 1087–88 (denying motion to reconsider dismissal of declaratory relief claim regarding defendant's indemnification duty because "the duty to indemnify may have no real-world impact if no liability arises in the underlying litigation.").

The dismissal of Count II is without prejudice. Defendant may refile its claim once its liability in the California Action has been established. See *Travelers Ins. Companies v. Penda Corp.*, 974 F.2d 823, 834 (7th Cir. 1992) (directing district court to dismiss without prejudice portion of complaint regarding insurer's duty to indemnify and to "leav[] open the possibility of resolving the indemnity issue later, when the underlying litigation * * * is terminated.").

## IV. Conclusion

For the reasons stated above, the Court grants Plaintiff's motion to dismiss [21] and dismisses Count II of the SAC without prejudice, to the extent that Defendant alleges that it is entitled to declaratory relief regarding Plaintiff's indemnification obligations in the California Action.

Dated: June 23, 2015

_____
Robert M. Dow, Jr.
United States District Judge